-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PETER MCNALLY,

        Plaintiff,

        -v-

MR. DUFFY and OFFICER KIVEHN K. ID#1322,

        Defendants.

DECISION AND ORDER
05-CV-0756F

---

## INTRODUCTION

Plaintiff Peter McNally, currently an inmate of the Elmira Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendants, Rochester police officer Kivehn K., and Rochester Chief of Police Robert Duffy, violated his constitutional rights in connection with their response to an automobile accident plaintiff suffered in October, 2003.

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and his claims are dismissed pursuant to 28 U.S.C. SS 1915(e)(2)(B) and 1915A.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's claims stem from an accident that he suffered in Rochester, New York on October 24, 2003. The complaint alleges that while riding a bicycle plaintiff was struck from behind by an automobile and thrown 15-20 feet before striking the pavement and being knocked unconscious. Plaintiff was taken by ambulance to Highland Hospital, where he was informed that he had sustained

a concussion. Plaintiff alleges that he suffered and still suffers from a number of long-term consequences of the accident.

The first claim of the complaint alleges that defendant Kivehn K. ID # 1322, the Rochester police officer who responded to the accident scene, failed to get appropriate identifying information (i.e. driver's license, plate number and insurance information) from the woman who allegedly struck plaintiff, but instead told the ambulance crew that plaintiff was drunk and fell off the bike. He further asserts that no accident report was filed. Plaintiff claims that as a result of the failure to accurately report the cause of the accident, no x-rays were taken after he was transported to the hospital. The complaint asserts that defendant Kivehn K. violated his equal protection and due process rights, committed gross negligence, and failed to obtain proper medical treatment for him.

The second claim of the complaint asserts that defendant Duffy, the Chief of Police, violated plaintiff's equal protection rights, failed to treat his injuries, and committed professional negligence as a result of his having hired an improperly trained officer (presumably defendant Kivehn K.), and by covering up that officer's misconduct.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks

2

redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). The Supreme Court has emphasized that Section 1983 is not itself a source of substantive rights but only provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-04 (1989). Consequently, § 1983 does not provide "a right to be free of injury whenever the State may be characterized as the tortfeasor" – the plaintiff is required to show the deprivation of a federally protected right. *Paul v. Davis*, 424 U.S. 693, 701 (1976).

3

In reviewing plaintiff's claims below, the Court has been mindful of its duty to liberally construe a civil rights complaint brought *pro se* by a prisoner. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a pro se plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they could suggest'") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

### Claim Against Defendant Officer Kivehn K.

Plaintiff's claim against defendant Officer Kivehn K. relates to the officer's handling of the accident on October 24, 2003. He asserts that defendant misinformed the ambulance attendants as to the cause of the accident, and that this action resulted in an improper diagnosis and treatment of his injuries at the hospital. He also claims that defendant failed to file an accident report – or at least an accurate accident report.[1]   Plaintiff alleges that defendant Kivehn K.'s actions and/or failure to act, as described above, constituted gross negligence, failure to treat, and violated plaintiff's due process and equal protection rights.

Plaintiff's equal protection claim is easily disposed of.  The complaint does not allege that the defendant failed or refused to properly report the accident because of plaintiff's racial or ethnic status, nor is there anything in the complaint that could be construed as indicating that the defendant treated plaintiff differently because of his race, ancestry or ethnicity.  At its core, equal protection prohibits the government from treating similarly situated persons differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Sound Aircraft Services, Inc. v. Town of East Hampton*, 192 F.3d 329, 335 (2d Cir. 1999); *Brady v. Town of Colchester*, 863 F.2d 205, 216 (2d

---

[1] It is difficult to tell from the wording on the complaint whether Plaintiff is alleging that defendant Kivehn K. failed to file *any* accident report, or that he filed an *inaccurate* report which failed to correctly characterize the nature of the accident: "No accident report vehicle vs pedestrian was ever filed." (Complaint at 5).

Cir. 1988).  Generalized allegations are insufficient to make out an equal protection claim.  *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998) ("When intent is an element of a constitutional violation ... the primary focus is not on any possible animus directed at the plaintiff; rather, it is more specific, such as an intent to disadvantage all members of a class that includes the plaintiff").  Plaintiff's equal protection claim in the instant matter amounts to nothing more than a "generalized allegation" and accordingly must be dismissed.  *See Jackson v. Joliet*, 715 F.2d 1200, 1203 (7th Cir. 1983), cert. denied 465 U.S. 1049 (1984) (dismissing equal protection claim against police officers who failed to call ambulance or otherwise assist occupants of burning car where plaintiffs failed to allege deliberate discrimination).

Plaintiff's allegation that Officer Kivehn K.'s actions – or, more correctly, his failure to act – deprived plaintiff of due process likewise fails to state a claim.   Plaintiff alleges that defendant Kivehn K. violated his due process rights when he failed to file an accident report, or at least failed to file an *accurate* accident report.  However,  it is well-established that the failure on the part of police officers  to write such a report, or even the filing of a false accident report by police officers, including one which is alleged to have intentionally minimized the severity of the accident, does not alone suffice to state a claim under section 1983.  *Hullett v. Smiedendorf*, 52 F. Supp. 2d 817 (W.D. Mich. 1999); *Bush v. City of Philadelphia*, 1999 U.S. Dist. LEXIS 11428, at *8-17 (E.D. Pa. 1999) (and cases discussed therein); *Moser v. Exeter Twp. Borough Council Members*, 1998 U.S. Dist. LEXIS 14012, at *9-10 (E.D. Pa. 1998);  *Scott v. Abate*, 1995 U.S. Dist. LEXIS 21430, at *18 (E.D.N.Y. 1995).

While the filing of a false police report could be found to state a due process violation "when the falsified report lead[s] to an unconstitutional deprivation of life, liberty, or property," *White v.*

*Tamlyn*, 961 F. Supp. 1047, 1056 (E.D. Mich. 1997), the instant complaint does not allege what constitutional harm that plaintiff suffered as a result of the defendant's failure to file an accident report. Likewise, plaintiff's allegation that defendant failed to obtain the identification and insurance information of the woman whose vehicle struck him fails to allege any constitutional deprivation.

Plaintiff also alleges that defendant Kivehn K. misreported the nature of the accident to the ambulance attendants and he infers that defendant's understatement of the accident (i.e. as one resulting from plaintiff falling off, as opposed to being knocked off, his bicycle) led to the failure of medical personnel at the hospital to which he was taken to properly assess, at least initially,[2] the nature and extent of his injuries. In essence, plaintiff's claim that defendant failed to accurately report the cause of the accident supports the allegation of the complaint that defendant was at most "negligent" in performing his duties as a police officer. However, it is well-established that negligence claims are not cognizable under 42 U.S.C. § 1983. *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.2d 525, 527 (2d Cir. 2005); *Dawkins v. Williams*, 413 F. Supp. 2d 161, 2006 U.S. Dist. LEXIS 7412 at *15-16 (N.D.N.Y. 2006). That is all this case amounts to, a claim of negligence.

Moreover, even if defendant Kivehn K.'s attempt to assist plaintiff at the scene of the accident was, as plaintiff alleges, "grossly negligent," it would still not constitute a deprivation of due process, as illustrated by the decision of the Seventh Circuit Court of Appeals in *Jackson v. Joliet*. In *Jackson*, plaintiffs, representatives of decedents killed in an automobile accident, brought

---

[2]The complaint alleges that defendant Kivehn K. "told the ambulance crew that I was drunk and fell off my bike. So no x-rays were taken. Come to find out I had head, neck and spine injuries that were not treated." (Complaint at 5). The allegation or inference is that defendant's inaccurate reporting of the accident caused hospital personnel not to give him the type of diagnostic tests that they would have had they realized the actual cause of his accident. However, even if plaintiff's account of what defendant told the ambulance crew is accurate, plaintiff states that he subsequently reported the actual cause of his accident to hospital personnel. (Affidavit attached to Complaint at 2).

a § 1983 action against a policeman who was alleged to have acted in a grossly negligent fashion in failing to determine whether a burning car was occupied and in neglecting to call an ambulance. Plaintiffs also sued the firemen who responded to the accident scene and who had failed to notice the decedents in the vehicle when they put out the fire. The district court denied defendants motions to dismiss for failure to state a claim, but the Court of Appeals reversed, concluding, *inter alia,* that the negligent or grossly negligent failure of the defendants to save the occupants of the vehicle was not actionable under section 1983 as a deprivation of life without due process of law.

Plaintiff also seeks to base his claim against defendant Kivehn K. on the defendant's failure to provide him with proper treatment for the injuries he sustained in the accident. While the state has a constitutional duty to provide adequate medical treatment to those who are in its custody, *Abney v. McGinnis*, 380 F.3d 663, 670 (2d Cir. 2004). Plaintiff was not in custody and the defendant, therefore, had no duty to insure that he obtained proper medical treatment. *See, e.g. Bourguigon v. Spielvogel*, 2004 U.S. Dist. LEXIS 5479, at * 5 (D. Conn. 2004); *Baldi v. Philadelphia*, 609 F. Supp. 162, 166 (E.D. Pa. 1985). The complaint thus fails to state a failure claim of failure to treat or to provide proper medical care.

### Claim Against Mr. Duffy

Plaintiff's claim against defendant Duffy, the Rochester Chief of Police, which, like his claim against defendant Kivehn K., asserts violation of equal protection, negligence, and failure to treat and protect, is based upon the allegations that Duffy hired an officer who was not properly trained, and that he engaged in a cover-up of that officer's misconduct.

Plaintifff's allegations against defendant Duffy are based upon Duffy's position as defendant Kivehn K.'s superior, and are predicated upon plaintiff's claims that defendant Kivehn K. violated

7

his rights under § 1983. However, the Court having concluded that the complaint fails to state a claim against Kivehn K., the Court likewise determines that plaintiff's allegations against defendant Duffy likewise must be dismissed. Moreover, the allegations in the complaint concerning defendant Duffy are entirely conclusory and thus fail to state a claim upon which relief may be granted on that basis as well. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning"); *see also Brown v. City of Oneonta*, 106 F.3d 1125, 1133 (2d Cir. 1997) (complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief); *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone").

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and accordingly, his request to proceed *in forma pauperis* is granted. For the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). While the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). This is such a case. On these facts, there can be no constitutional violation.

Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        April 25, 2006.